E. A. KNIPP, TEMPORARY ADMINISTRATOR, V.
JOSEPH KUTCHINSKY ET AL.

No. 7951. Decided March 11, 1942.
Rehearing overruled April 8, 1942.
(160 S. W., 2d Series, 518.)

*R. R. Lewis,* of Houston, for petitioner.

The Court of Civil Appeals erred in not authorizing the appointment of plaintiff as temporary administrator of the estate pending the contest of the wills. Ferguson v. Ferguson, 66 S. W. (2d) 568; Pierce v. Foreign Mis. Bd. So. Baptist Con. 235 S. W. 552.

*Nat Harris,* of Waco, *Burch Downman* and *M. C. Driskoll,* both of Houston, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

The sole question presented here is whether Article 3378, Revised Civil Statutes 1925, authorizes the probate court to appoint a temporary administrator of an estate, pending an appeal to the district court from the order of the probate court relating to the probate of a will, and which appeal has been duly perfected.

This suit was filed in the District Court of Harris County by E. A. Knipp, as temporary administrator of the estate of Mrs. Sarah May Kutchinsky, in the nature of a bill of discovery, under Rule 737 of the Texas Rules of Civil Procedure, and for injunction against Joseph Kutchinsky and Mrs. Mary E. Vestal, alleging that defendants were in possession of and were withholding from plaintiff the property, assets, records, and books belonging to the estate of Mrs. Kutchinsky. Upon hearing, the district court sustained defendants' exceptions to the plaintiff's petition, and denied all relief prayed for by the plaintiff. The judgment of the trial court was affirmed by the Court of Civil Appeals by a majority opinion.

Mrs. Sarah May Kutchinsky died on March 8, 1941. Immediately after her death applications for the probate of two different wills were filed. One application was filed by Joseph Kutchinsky, and the other was filed by Ermine Edwin Luke. The probate court entered an order denying a probate of the

will filed by Kutchinsky, and entered an order probating the will filed by Luke. Kutchinsky gave notice of appeal, and duly perfected an appeal from this order of the probate court to the district Court of Harris County. That appeal is pending there.

After the entry of the order above mentioned, and after an appeal had been perfected to the district court, the judge of the probate court appointed E. A. Knipp temporary administrator of the estate of the deceased. He was not disqualified by law from accepting such appointment. The order appointing him authorized him as such temporary administrator to take possession of the property of the deceased, conserve the estate, collect the rents, etc. All of the property of the estate was in the possession of Kutchinsky. He refused to recognize the appointment, and claimed it was void. He based this refusal upon the ground that the probate court had no authority to make the appointment. The temporary administrator filed suit in the district court for discovery, alleging that all the records relating to the property were in the possession of Kutchinsky and the the other defendants, and asked for a temporary injunction to restrain them from interfering with his taking possession of the property of the estate. The facts are undisputed, and the question presented is one purely of statutory construction.

Article 3378 reads as follows:

"Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers."

Article 3378 was originally Article 3301 of the Revised Statutes of 1911. There is no material difference in the wording of the two articles, except that the phrase "whether such contest be in the county court or in the district court" was omitted from the codification in 1925. It is the contention of respondents that by the omission of this language from Article 3378 it was the intention of the Legislature to withdraw from the probate court the power to appoint a temporary administrator after an appeal had been made to the district court. It will be observed that Article 3378 specifically provides that, "Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a

temporary administrator, * * *; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full power." The article does not limit the power of appointment up to the time an appeal is perfected, but, on the contrary, makes it clear that the power shall continue in the probate court until the final termination of the contest.

Article V, Section 16, of the Constitution describes the jurisdiction of the county court in probate matters. Section 8 of the same article of the Constitution confers upon the district court appellate jurisdiction of probate matters. The district court does not have the jurisdiction to appoint an administrator of an estate. That power is lodged exclusively in the county court.

We think that the above-mentioned constitutional provision and Article 3378 clearly authorize the probate court to appoint an administrator to take charge of the assets of an estate and protect same, pending a contest of the character here noted. The specific provision of Article 3378 confers upon the probate court the power to appoint a temporary administrator to protect such an estate, pending an appeal from an order probating or refusing to probate a will. If such power were denied the county court, it is quite obvious that assets belonging to an estate could be dissipated or wasted without the law furnishing a remedy. The probate court has the power to appoint a temporary administrator in a situation like the one before us, to protect the assets of the estate for the benefit of those entitled to same. See Ware v. Barfield (Civ. App.), 54 S. W. (2d) 1105, 1106; Norwood v. Farmers & Merchants Nat'l Bank (Civ. App.), 145 S. W. (2d) 1100, (writ refused); Quiroz v. Cantu (Civ. App.), 119 S. W. (2d) 568, (writ dismissed); Huth v. Huth (Civ. App.), 187 S. W. 523, (writ refused); Pierce v. Foreign Mission Board (Com. App.), 235 S. W. 552.

The judgments of the Court of Civil Appeals and of the district court are both reversed, and this cause is remanded to the district court for a new trial.

Opinion delivered March 11, 1942.

Rehearing overruled April 8, 1942.