KING v. KING et al.

No. 6041.

Court of Civil Appeals of Texas. Amarillo.

March 27, 1950.

Rehearing Denied May 1, 1950.

336

Harry Bunnenberg, Vernon, for appellant.

Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, Storey & Donaghey, Vernon, for appellees.

PITTS, Chief Justice.

This is an appeal from an order appointing a temporary administrator of an estate over which an independent executor already had full power and authority. Few, if any, of the facts are disputed. Most of them are stated by stipulation which reveals that on January 19, 1948, an order was entered by the probate judge in cause number 1982 of the probate court of Wilbarger County admitting to probate the last will and testament of Jessie King, deceased, and appointing her son, appellant in this action, C. V. (Carl) King, independent executor of her estate in accordance with the terms of the will of the deceased; that thereafter Carl King, the principal beneficiary under the will, took the oath as such independent executor after which he caused to be filed an inventory and appraisement of the estate; that the judgment admitting the will to probate and appointing Carl King independent executor became final without an appeal therefrom and no proceedings had been filed in cause number 1982 endeavoring to remove Carl King as independent executor; that thereafter on April 13, 1949, a new and independent cause bearing number 2071 was filed in the probate court of Wilbarger County seeking to set aside the will of Jessie King, deceased, and the order admitting it to probate; that subsequent thereto on July 6, 1949, an order was entered by the probate court in the said cause number 2071 denying the relief sought in the said cause from which order an appeal was perfected to the district court where it bears number 9365 and is still pending; that thereafter on September 27, 1949, appellees, Earl J. King, Mrs. Hettie Pitts, Miss Minnie King and R. D. King, who were likewise children of Jessie King, deceased, filed an application for the appointment of a temporary administrator of the estate of Jessie King, deceased, in cause number 2071 of the probate court of Wilbarger County; that on the same day at an ex parte hearing on the said application, without the issuance or service of citation or process on appellant, Carl King, independent executor of the estate in question, or any other person, and in the absence of appellant, Carl King, the probate court entered an order in cause number 2701 appointing Tom G. Davis temporary administrator of the estate of Jessie King, deceased, from which order Carl King perfected his appeal in due time to the district court where the cause bears number 9411. A hearing was held in the district court in the said cause that resulted in the entry of a judgment substantially the same as that entered in the probate court from which judgment an appeal has been perfected by Carl King to this court.

The record reveals that Tom G. Davis took the oath as temporary administrator and executed the required bond immediately after his appointment was made by the probate court. Thereafter appellant made his first appearance in this action in the district court where he challenged the jurisdiction of both the probate and district courts to appoint a temporary administrator of the estate in question for reasons hereinafter set out. On October 24, 1949, at a hearing had in the district court appellant's pleas in abatement and exceptions were overruled by the district court and Tom G. Davis, a citizen and resident of Wilbarger County, was appointed temporary administrator of the estate in question with his bond fixed at $20,000, which bond had already been executed. Appraisers were likewise appointed as was previously done in the probate court in this action. As such temporary administrator Tom G. Davis was directed by the district court to take possession of the estate in question, control and manage it. Appellant superseded the judgment of the district court with a bond in the sum of $20,000 fixed by the said court and he is still therefore in possession of the estate, managing and controlling it subject to a final judgment in this action.

The stipulation made between the parties reflects a full copy of the will of the deceased. It bequeaths to each of the appellees the sum of $500 and bequeaths to Carl King the remainder of the estate and names him as independent executor of the estate. The inventory and appraisement returned in cause number 1982 of the probate court wherein the will was admitted to probate reveals that the estate consisted of land of the approximate value of $14,000; notes, securities, bonds, cash on deposit, livestock and other personal property of the approximate value of $126,000.

Appellant predicates his appeal upon twelve points of error in which he assails the judgment of the district court as well as the probate court. Appellant charges, in effect, that the judgments of both the probate court and the district court attempting to appoint Tom G. Davis temporary administrator of the estate in question are void ab initio and are without authority for such action because appellant was already legally administering the said estate with full powers as independent executor and there cannot be two legal administrations of an estate pending at the same time. In resisting such charges appellees contend that the probate court had jurisdiction to appoint a temporary administrator to take charge of the estate in question and thus "suspend the custody and control of the estate from the appellant" during the pendency of their suit to set aside the order of the probate court admitting the will to probate.

Under the facts stipulated appellant had been appointed independent executor with full powers to have full control of the estate. He was so named by the testatrix and so appointed by order of the probate court in accordance with the terms of the will. There was no appeal from the order making such appointment and it soon became final. As the principal beneficiary under the will appellant qualified as independent executor, took charge of the estate, had control of it with full power to manage it for some fifteen months before appellees filed in the probate court a new and independent suit to set aside the order admitting the will to probate. Some three months thereafter appellees were denied the relief sought in the probate court but they perfected their appeal immediately to the district court. Their appeal was still pending when appellees sought the appointment of a temporary administrator without charging mismanagement of the estate by appellant further than to allege in an unverified pleading that he would "probably dissipate" the estate in question after he had then already been administering the estate as the principal beneficiary under the terms of the will for some twenty months.

■ In support of his contention appellant cites the case of Yeager v. Bradley, Tex.Civ.App., 246 S.W. 688, writ of error refused in a memorandum opinion by the Supreme Court reported in 114 Tex. 581, 278 S.W. 1115. In that case John Bradley, deceased, left a will naming his sister, Mrs.

Addie Coleman, trustee of his estate and guardian of his minor children. Mrs. Coleman qualified as trustee of the estate under the terms of the will and was administering the estate with full power when appellant, J. E. Yeager, was appointed administrator of the said estate by the probate court. Thereafter appellee, Mrs. A. B. Bradley, the surviving wife of John Bradley, deceased, filed her motion in the probate court to vacate, set aside and annul the order appointing appellant, J. E. Yeager, administrator of the estate of John Bradley, deceased, on the grounds that such estate was already being legally administered by Mrs. Addie Coleman, trustee. The relief she sought was granted and appellant, Yeager, appealed to the district court where a hearing was had with the same result from which appellant, Yeager, perfected his appeal to the Court of Civil Appeals. The appellate court sustained, as did the district court, the action of the probate court in vacating, setting aside and holding null and void its former order appointing Yeager administrator and affirmed the judgment of the district court in so holding. The Court of Civil Appeals there held: " * * * that the county court had no jurisdiction to appoint appellant administrator of the estate of John Bradley, for the reason that there was a legal administration of said estate pending at that time, in that the appointment of Mrs. Coleman as trustee of said estate, with full power to manage, control, and dispose of the same, in effect created her independent executrix of the will of said Bradley." [246 S.W. 689.] The said court further held that:

"A county court has no authority to appoint an administrator, except upon a petition showing the necessity therefor. There cannot be two legal administrations of an estate pending at the same time. In order to give the county court jurisdiction to appoint appellant administrator of the estate of John Bradley, deceased, it must have been shown, among other things, that there was no administration pending; otherwise the necessity for such administration could not have been shown.

"As the record herein shows that Mrs. Coleman was the duly appointed, qualified, and acting trustee of the estate of John Bradley, deceased, and as we hold that she was thereby made independent executrix of said estate, the county court had no jurisdiction to appoint appellant administrator of said estate; such appointment was void ab initio."

In approving the opinion the Supreme Court said: "We think the judgment of the Court of Civil Appeals is correct, whether the orders in the administration be voidable or void."

It may be further observed that, although the powers of an independent executor are not as restricted as those of a duly appointed administrator, the estate is still subject to the jurisdiction of the probate court and the control of an estate by an independent executor is no less an administration than it would be if such person were acting under the full control of the court. Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367, and Simkins Administration of Estates in Texas, 3d Ed., Section 128, page 171.

The record does not reflect any creditors in the case at bar but at any rate no creditor nor any of the heirs have instituted any action to remove appellant as independent executor or have asked that he be required to execute a bond as they had a legal right to do if they thought he would "probably dissipate" the estate. But, assuming that appellees as heirs of the testatrix are seeking indirectly to "suspend the custody and control of the estate from the appellant" upon a plea that he would "probably dissipate" the estate, such invokes another well established rule announced in Simkins Administration of Estates in Texas, Third Edition, Section 133, page 180, which is strongly supported by the case of Hocker v. Stevens, Tex.Civ. App., 42 S.W.2d 473, writ dismissed, and numerous other authorities there cited. The rule referred to says: "An independent executor is not removable, on motion for mismanagement under the statute, until after the remedy provided by law for re-

quiring the giving of a bond be first exhausted." In applying the said rule the court held, in effect, in the Hocker-Stevens case that a testator has a lawful right to name an independent executor of his estate after he has been appointed as such by the probate court, has qualified under the law as such and taken charge of the estate, he has full power to act as such and he cannot be removed as independent executor if charged even with gross negligence in managing the estate unless the beneficiaries or other complaining parties have proceeded to compel him to give bond as independent executor as provided for under Articles 3438–3441, Vernon's Annotated Civil Statutes. Such executor cannot then be removed and succeeded by an administrator unless he fails to execute the bond required as provided for in Article 3441.

██ No such proceedings were had in the case at bar. Appellees here rely on the provisions of Article 3378, and cite in support thereof several cases, all of which we shall now discuss. Article 3378 provides that: "Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers." This article was passed in 1876 and has been brought forward in the recodification of the laws with "no material difference in the wording" according to a statement made by the Supreme Court in the case of Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518, 519. Its material parts were in full force when the rules herein previously discussed were announced. It is our opinion that the provisions of Article 3378 do not contradict the rules previously herein discussed. Article 3378 merely *authorizes*, but does not *require*, the appointment of a temporary administrator to have charge of an estate when an appeal is perfected from an order of the probate court either probating or refusing to pro-

bate a will or grant letters of administration. It is obvious that the purpose of such Article is to authorize the appointment of a temporary administrator only in the event that there did not then already exist another administration with full powers. The latest case cited by appellees in support of their contention is the case of Knipp v. Kutchinsky, supra. In that case two wills were offered for probate. One was admitted to probate and the other was denied, from which an appeal was perfected. Pending the appeal, E. A. Knipp was appointed temporary administrator. The Supreme Court began the opinion by saying that the sole question to be determined there was whether or not Article 3378 authorizes the probate court to appoint a temporary administrator of an estate, pending an appeal from an order of the probate court relating to the probate of a will when an appeal has been perfected. In answer to the question to be determined, the Supreme Court further said: "The specific provision of Article 3378 confers upon the probate court the power to appoint a temporary administrator to protect such an estate, pending an appeal from an order probating or refusing to probate a will. If such power were denied the county court, it is quite obvious that assets belonging to an estate could be dissipated or wasted without the law furnishing a remedy." Thus it will be seen from the language of the Supreme Court there used that the purpose of Article 3378 is to clothe the probate court with authority to protect and preserve the estate by the appointment of a legal representative, if such has not already been done, while an appeal, if any, is being perfected in the original case which offered the will for probate. It is our opinion that the article provides for the appointment of a temporary administrator in such cases, when an administration does not already exist, and then to serve only until "the appointment of an executor or administrator with full powers" has been made. In the case at bar an independent executor with full powers to act had already been appointed and he had qualified as such and was serving with full power when appellees

sought to have a temporary administrator appointed.

Appellees also cite and rely on the case of Huth v. Huth, Tex.Civ.App., 187 S.W. 523, 527, writ refused. In that case the testatrix named her surviving husband and their son as joint independent executors. After her death the will was admitted to probate and they were jointly appointed. The son qualified as such but wholly abandoned his trust without taking possession of any of the estate or attempting to manage it while the surviving husband never did qualify as an executor but he took exclusive possession of the estate and began to dispose of the same. Some of the beneficiaries under the will filed an independent suit in the probate court to contest the order admitting the will to probate and likewise asked for the appointment of a temporary administrator. E. Hagans was appointed temporary administrator by the probate court and he was directed to take possession of the estate and manage it. No appeal was perfected from the order appointing such a temporary administrator but an independent suit was filed in the district court seeking to restrain interference by a writ of injunction against the temporary administrator. Such relief was denied in part by the trial court and wholly refused by the appellate court, which sustained the appointment of the temporary administrator. In doing so, however, the appellate court made the following observation: "From the facts above recited, we think it clear that there was no qualified executor or administrator of the estate of Mrs. Huth, deceased, and that no one was administering said estate, at the time the probate court of De Witt county resumed jurisdiction over the same and appointed E. Hagans temporary administrator."

It is obvious that the appointment of a temporary administrator was sustained in the Huth case because no one was administering the estate while in the case at bar the estate of Jessie King, deceased, was already being administered by an executor with full power. There is another distinction between the two cases in that no appeal was perfected from the order appointing the temporary administrator in the Huth case as was done in the instant case but an independent suit was there filed in the district court seeking to avoid interference by a writ of injunction against the temporary administrator, which constituted a collateral attack made upon the appointment of such an administrator.

■ Appellees cite the case of Ware v. Barfield, Tex.Civ.App., 54 S.W.2d 1105, 1106, no writ of error applied for insofar as we are able to determine. In that case independent executors were named in the will and had qualified as such when the probate court appointed the principal beneficiary under the will temporary administratrix, from which order no appeal was perfected. The administratrix thereafter qualified and took possession of the estate. Subsequent thereto the probate court, upon the application of the independent executors, entered an order declaring the appointment of a temporary administratrix null and void, from which order the administratrix appealed to the district court where her appointment was upheld and the executors appealed. The appellate court sustained the judgment of the district court and thus held that the probate court erred in its judgment declaring its former order appointing a temporary administratrix null and void. However, the appellate court was careful to observe that:

"It will be noted that appellants took no appeal directly from the order appointing appellee temporary administratrix, but filed a motion to vacate the same, claiming that her appointment was void, * * *.

"The question, therefore, presented is not one of the improper use of a power lodged by law with the court, but a lack of any power to act in the premises."

The court further held in that case that: "An improper exercise of the power to appoint is not involved in this appeal." In that case it will be observed that the total value of the estate was placed at $500,000 with debts of approximately $400,000 against the estate. Bequests were made under the will to various persons amounting to more than $100,000, among whom

were named the executors. The will then provided that the remainder of the estate be placed in trust with the independent executors for the benefit of the daughter who was the only child and heir at law of the testatrix. It was the said daughter, appellee in that case, who was appointed temporary administratrix. It is obvious that unless the estate there was carefully managed with prudence there would be nothing left as a remainder for the sole and only heir at law of the deceased after paying the debts and complying with the other provisions of the will, while no indebtedness was shown in the case at bar and no charge is made that appellees may lose their interest in the estate.

It is our opinion that distinctions are clearly made between the factual situation in the case at bar and those found in the cases cited by appellees. It is therefore obvious that the rules of law enunciated in the cases cited by appellees do not determine the controlling issue here presented. In each of the cases cited by appellees the appellate court was careful to point out the distinction between the case there being considered and a case of this nature.

Appellees challenge the service had in the original action to probate the will of Jessie King, deceased, on the grounds that the citation was directed to "the sheriff or any constable of Wilbarger County" and not "to any sheriff or any constable within the State of Texas" as is required by law. In support of their challenge, they cite the case of Mitchell v. Rutter, Tex.Civ.App., 221 S.W.2d 979 (no writ applied for). On March 11, 1950, the Supreme Court, in Nass v. Nass, 228 S.W.2d 130, "expressly overruled" the holding of the Austin Court of Civil Appeals in the Mitchell v. Rutter case in which the same kind of question was raised as that raised by appellees in this case with reference to service. In overruling the holding in the Mitchell-Rutter case the Supreme Court sustained the action of the Galveston Court of Civil Appeals in the case of Nass v. Nass, Tex.Civ.App., 224 S.W.2d 280, and thus held that service such as appellees here have challenged is not void but is sufficient.

Under the facts presented and the rules of law governing such, it is our opinion that both the district court and the probate court erred in appointing a temporary administrator of the estate of Jessie King, deceased, when the same was already being administered by an independent executor with full powers, nominated by the testatrix in her will and duly appointed by the probate court prior to any attempt to appoint a temporary administrator. Other assignments of error have been presented but in view of our holding already made, we do not deem it necessary to pass on them.

For the reasons stated the judgment of the district court is reversed and judgment is here rendered for appellant instructing the district court to direct the probate court to vacate its order appointing Tom G. Davis as temporary administrator of the estate of Jessie King, deceased, and to nullify all orders in connection with such appointment, without disturbing insofar as this action is concerned the appointment and powers of Carl King as independent executor of the said estate. Reversed and rendered.