CORPUS CHRISTI BANK AND TRUST
et al., Petitioners,

v.

ALICE NATIONAL BANK et al.,
Respondents.

No. B–1168.

Supreme Court of Texas.

July 30, 1969.

Rehearing Denied Oct. 1, 1969.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall and G. Ray Miller, Jr., Fischer, Wood, Burney & Nesbitt, Frank Nesbitt, Corpus Christi, for petitioners.

Perkins, Floyd, Davis & Oden, John C. Mullen, Alice, H. H. Rankin, Jr., Rankin, Kern, Martinez & Van Wie, McAllen, Baker, Botts, Shepherd & Coates, L. Denman Moody, Houston, for respondents.

HAMILTON, Justice.

Alice National Bank has been acting as the independent executor of the estate of Sarita Kenedy East, who died on February 11, 1961. Since that date, there has been much litigation over the disposition of Mrs. East's estate. See Turcotte v. Alice National Bank, 402 S.W.2d 894 (Tex.Sup. 1966), reversing 394 S.W.2d 228 (Tex.Civ. App.—Waco, 1965). This particular dispute arises between the independent executor and a temporary administrator over possession of the estate properties. For purposes of this case, the controlling and undisputed facts can be set forth succinctly.

On January 22, 1960, Mrs. East executed a will, to which she added four codicils. In this will, respondent Alice National Bank and two individuals now deceased were named as independent executors of the estate without bond. On March 6, 1961, the 1960 will was admitted to probate without contest, and Alice National Bank qualified and commenced to serve as an independent executor. On June 5, 1961, an order of the probate court approved the inventory, appraisement, and list of claims prepared by the independent executors.

On July 25, 1962, a number of Mrs. East's heirs at law filed suit to set aside the probate of the 1960 will; on January 8, 1964 in this same proceeding, an application to probate a will executed by Mrs. East in 1948 was filed. Also on January 8, 1964 some contestants of the 1960 will applied to the probate court for the appointment of a temporary administrator for the purpose of filing suits to cancel royalty assignments executed by Mrs. East to the John G. and Maria Stella Kenedy Memorial Foundation during her lifetime. The probate court made this appointment on January 16, 1964. On October 7, 1965, petitioner Corpus Christi Bank & Trust was appointed successor temporary administrator for this purpose.

On March 29, 1968, the probate court, after a trial on the merits in the suit to declare the 1960 will invalid, entered a judgment which set aside the probate of the 1960 will, admitted the 1948 will to probate, and enlarged the powers of temporary administrator Corpus Christi Bank & Trust to hold, operate, and invest the estate property in place of independent executor Alice National Bank. This last portion of the judgment specifically ordered the Corpus Christi Bank & Trust to take over the assets of the estate from the Alice National Bank "pending the finalty of this judgment determining the merits of the will contest." The Alice National Bank appealed from this judgment to the District Court of Kenedy County. This appeal is pending in that court at this time.

On May 4, 1968, in this same proceeding appealing the probate court judgment of March 29, 1968, respondent Alice National Bank sought a temporary injunction from the District Court of Kenedy County for the period of the pendency of the appeal in the district court from the March 29, 1968 judgment. This requested order was designed to prevent Corpus Christi Bank & Trust, petitioners Patrick A. Turcotte, et al., and Lee H. Lytton, an independent executor named in the 1948 will, from attempting to interfere with Alice National Bank's possession of the estate properties pending trial de novo of the merits of the

will contest in the district court. On May 17, 1968, after hearing, the District Court of Kenedy County denied the temporary injunctive relief sought by the Alice National Bank.

On appeal from the order denying the injunctive relief, the Corpus Christi Court of Civil Appeals has in part reversed the trial court by granting a temporary injunction against petitioner Corpus Christi Bank & Trust. 431 S.W.2d 611. The terms of this order prohibit the Corpus Christi Bank & Trust from interfering with possession of the estate by the Alice National Bank pending trial de novo on the merits of the will contest or further orders of the district court.

This Court granted petitioners Corpus Christi Bank & Trust, Patrick A. Turcotte, et al., and Lee H. Lytton's applications for writs of error on the questions of the effect of the probate court's order enlarging the powers of the Corpus Christi Bank & Trust pending appeal to the district court and the propriety of the injunctive relief against the Corpus Christi Bank & Trust granted by the Court of Civil Appeals. We have concluded that the injunctive relief granted by the Court of Civil Appeals was proper, and accordingly affirm the judgment of that court.

An initial inquiry in this dispute must be a determination of the effect of the judgment invalidating the 1960 will on the administration of the estate.

Alice National Bank qualified as an independent executor of Mrs. East's estate by judgment of the probate court on March 6, 1961, and on June 5, 1961 an order of the probate court approved the inventory, appraisement, and list of claims filed by the independent executors. After this June 5, 1961 order, Alice National Bank under the Texas Probate Code was entitled to represent the estate of Mrs. East free of judicial supervision except where provided by statute. This is in accordance with Sec. 145 of the Probate Code, V.A.T.S., which provides that:

"Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate. When such will has been probated, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the court *except where this Code specifically and explicitly provides for some action in the court.*" [*Emphasis added*] [1]

This freedom afforded Alice National Bank as independent executor is in keeping with the historic purpose of the first independent administration act in Texas: "that no other action than the probate and registration of the will shall be had in the Probate Courts." Laws of the Republic of Texas, 1843, An Act to Amend the Probate Law, Sec. 5; 2 Gammell, Laws of Texas 834 (1898). The purpose of this and subsequent related acts has been to free an estate of the often onerous and expensive judicial supervision which had developed under the common law system, and in its place, to permit an executor, free of judicial supervision, to effect the distribution of an estate with a minimum of cost and delay. See 33 Tex.L.R. 95 (1954), Marschall, Independent Administration of Decedents' Estates; 34 Tex.L.R. 687 (1956), Woodward, Independent Administrators Under the New Texas Probate Code; also cf. Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145 (1896). This Court has recognized this rationale in saying that the general intent of Sec. 145 of the Probate Code is "to free the 'independent executor' from the control of the court, except where the Code specifically and explicitly pro-

---

1. For indications of this same purpose, see also Sections 3(aa) and 146, Texas Probate Code, Vernon's Ann.Civ.Stat.

vides otherwise." Bunting v. Pearson, 430 S.W.2d 470, 473 (Tex.Sup.1968).

■ It is clear, then, that after the qualification of Alice National Bank as independent executor in the March 6, 1961 probate court judgment, and the subsequent order approving the inventory, appraisement, and list of claims filed by the independent executors, specific statutory authority was necessary for the probate court to affect the control of the estate which rested in the independent executors. This authority can arise within the context of two statutory procedures.

First, the probate of the 1960 will could be challenged within the two year period provided in Sec. 93 of the Texas Probate Code:

> "After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward."

■ After a trial of this contest, the probate court could, as it did here, invalidate the previously probated will and with it the independent executorship

created by such a will. But the perfection of an appeal to the district court suspends the judgment or order entered by the probate court in a contest of a previously probated will. This suspension is specifically provided by Rule 335, Texas Rules of Civil Procedure, which sets forth that an appeal from a probate court judgment to the district court:

> "* * * shall suspend the decision, order, decree or judgment, or the designated portion thereof appealed from, except as may be otherwise expressly provided by law;"

This appeal was in fact perfected by the Alice National Bank, and by virtue of this Rule, the effect of the March 29, 1968 judgment was suspended pending a final adjudication in the district court. In this procedure to set aside the probate of a will under Sec. 93, there is no additional provision for the assets of an estate being turned over to a temporary administrator pending final adjudication of the will contest as long as an independent executor with full powers remains in office.

Secondly, an independent executor can be removed by the probate court if one of the conditions set forth in Sections 217 and 222(a) of the Texas Probate Code occurs.[2] It is not alleged by the petitioners that any of these conditions have here occurred; the independent executor in this case has qualified, and there has been no

---

2. Sec. 217, Texas Probate Code, Vernon's Ann.Civ.Stat:

"Should the executor or guardian fail to give such bond within ten days after the order requiring him to do so, then if the judge does not extend the time, he shall, without citation, remove such executor or guardian and appoint some competent person in his stead who shall administer the estate according to the provisions of such will or the law, * * *."

Sec. 222(a), Texas Probate Code, Vernon's Ann.Civ.Stat:

"(a) Without Notice. The court, on its own motion or on motion of any interested person, and without notice, may remove any personal representative, appointed under provisions of this Code, who:

"(1) Neglects to qualify in the manner and time required by law; or

"(2) Fails to return within sixty days after qualification, unless such time is extended by order of the court, an inventory of the property of the estate and list of claims that have come to his knowledge; or

"(3) Having been required to give a new bond, fails to do so within the time prescribed; or

"(4) Absents himself from the State for a period of three months at one time without permission of the court, or removes from the State; or

"(5) Cannot be served with notices or other processes by reason of the fact that his whereabouts are unknown, or by reason of the fact that he is eluding service."

order that bond be posted as the court can require under Sec. 149 of the Probate Code. In Bell v. Still, 403 S.W.2d 353 (Tex.Sup. 1966), noted 45 Tex.L.R. 352 (1966), this Court, in adopting the decision of the Court of Civil Appeals as its own, recognized that the probate court is subject to the limitations of Sec. 145 of the Probate Code and does not have the power to remove an independent executor for mismanagement unless he is first required to post bond and fails to do so. In the *Bell* case the Court of Civil Appeals had squarely held that:

"To permit the court to remove the trustee named by the testator for causes such as here charged, which involve passing upon his conduct in settling the estate, is to authorize accomplishment by obliquity what is prohibited to be done directly. * * * By Sec. 149 the Probate Code directs 'specifically and explicitly' that in such cases 'upon proper proceedings had for that purpose, as in the case of executors and administrators acting under orders of the court, such executor may be required to give bond.' " 389 S.W.2d 605, 607.

But in this proceeding there has been no request by any party that the independent executor insure his proper performance by giving bond as the probate court may require under Sec. 149. This bonding procedure is an effective and practical method which the Legislature has provided to safeguard against the misbehavior and waste of independent executors acting without the judicial supervision of a probate court. Nevertheless, this precaution has apparently not been thought necessary by the petitioners in this case. In its absence, the probate court has no statutory authority to remove the respondent as the duly qualified independent executor. cf. Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 956–957, 958 (Comm.App., opinion adopted, 1944).

Despite this lack of statutory authority, the probate court order of March 29, 1968 before us purports to remove Alice National Bank from any control over the estate

pending appeal of the judgment to the district court. Specifically, this judgment orders that Corpus Christi Bank & Trust's powers as temporary administrator be extended during the pendency of the appeal to the district court to include, among other things, the right: to demand and receive the exclusive possession of all estate properties from Alice National Bank; to operate, manage, or invest the estate properties; to make application to employ attorneys to defend and prosecute law suits; to collect rents and royalties owed the estate; and the right to file tax returns.

This purported removal of Alice National Bank as independent executor pending the appeal of the judgment is, as we have discussed, directly contrary to Rule 335, T.R.C.P., which provides that a probate court judgment or order be suspended pending an appeal to the district court. Because of this conflict with Rule 335, the probate court judgment must be held to be invalid to the extent it purports to affect the control of the East estate resting in the qualified independent executor pending appeal to the district court.

The petitioners nevertheless contend that Sec. 132(a) of the Probate Code gives the probate court power to control an estate already under qualified administration pending an appeal of a probate court judgment to the district court. It is true that the probate court can appoint a temporary administrator for limited purposes pending a contest relative to the probate of a will. Sec. 132(a) of the Texas Probate Code, Vernon's Ann.Civ.Stat., provides that:

"Pending a contest relative to the probate of a will * * * the court may appoint a temporary administrator, with such limited powers as the circumstances of the case require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers."

■ This statute on its face only contemplates that a probate court may appoint

a temporary administrator to take charge of an estate *until* "an executor or administrator with full powers" has been appointed. cf. Ex parte Lindley, 163 Tex. 301, 354 S.W.2d 364, 366 (1962) noted 41 Tex.L.R. 121 (1962); also cf. Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518, 519 (1942). The statute does not give the probate court statutory authority to effect a removal of a previously qualified independent executor by ordering a temporary administrator to take over the possession and control of the assets of an estate pending final adjudication in the district court of the validity of a will already probated.

Indeed, under the predecessor of Sec. 132(a), Art. 3378, this question was settled in King v. King, 230 S.W.2d 335, 339–340 (Tex.Civ.App.—Amarillo 1950, writ ref'd), the court there stating that:

"It is our opinion that the article provides for the appointment of a temporary administrator in such cases, *when an administration does not already exist,* and then to serve only until 'the appointment of an executor or administrator with full powers' has been made. In the case at bar an independent executor with full powers to act had already been appointed and he had qualified as such and was serving with full power when appellees sought to have temporary administrator appointed." [Emphasis added.]

The *King* court went on to say that the probate court was in error in appointing a temporary administrator when an independent executor had been qualified by the probate court prior to the application for appointment of a temporary administrator to take possession of the estate properties. *King,* supra, 341; see also Yeager v. Bradley, 246 S.W. 688 (Tex.Civ.App.—Austin 1923), err. ref. 278 S.W. 1115 (Tex. Sup.1923).

It has been foreclosed, therefore, that Sec. 132(a) of the Probate Code does not give the probate court authority to order a temporary administrator to take over the assets of an estate from an independent executor pending de novo adjudication in the district court of the validity of a will already probated.

There still remains before us, however, the question of whether the district court's denial of injunctive relief against the Corpus Christi Bank & Trust rested in the trial court's discretionary authority, and therefore should have been sustained by the Court of Civil Appeals.

■ In this case, the record shows that the facts upon appeal are undisputed, and only questions of law have been presented for determination in the appellate courts. We have determined that the portion of the probate court judgment ordering that a temporary administrator take over the estate from the independent executor pending appeal is directly contrary to Rule 335, T.R.C.P., and therefore invalid. Unless the exercise of this order is prevented by injunction, an effective removal of the independent executor would take place during the pendency of the appeal to the district court. With this impending result, the district court's denial of an injunction to preserve the independent executor's control of the estate pending appeal must be viewed an abuse of discretion. See Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); General Telephone Co. of the Southwest v. City of Wellington, 156 Tex. 238, 294 S.W.2d 385, 393 (1956). Hence this Court must sustain the judgment of the Court of Civil Appeals granting injunctive relief to the respondent to preserve the independent executor's control of the estate pending final and de novo adjudication of the proceeding to set aside the probate of a will in the district court.

In light of our holdings above, it becomes unnecessary to consider petitioner Lee H. Lytton's application for writ of error, as it alternatively recognizes as valid and prays for the position taken by respondent Alice National Bank.

The judgment of the Court of Civil Appeals is affirmed.