EL PASO NATIONAL BANK, as temporary Administrator of the Estate of Mary Ann Spires, Deceased, et al., Appellants,

v.

Towner S. LEEPER, Appellee.

No. 6486.

Court of Civil Appeals of Texas, El Paso.

June 9, 1976.

Rehearing Denied July 28, 1976.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Sam Sparks, El Paso, Jones, Trout, Flygare & Moody, Charles B. Jones, Lubbock, for appellants.

Calhoun, Morton & Deason, Ronald R. Calhoun, El Paso, for appellee.

## OPINION

WARD, Justice.

Towner S. Leeper sued for attorney's fees owing to him for representing the Temporary Administrator of the Estate of Mary Ann Spires, Deceased. Appellants, El Paso National Bank, as Temporary Administrator, and American State Bank of Lubbock, as the Independent Executor of the Estate, appealed from a judgment based upon jury findings whereby Appellee recovered from the Appellants in their representative capacities the sum of $20,000.00 as the reasonable value of his legal services and the additional sum of $5,000.00 for the plaintiff's attorneys' fees under Tex.Rev.Civ. Stat.Ann. art. 2226. The judgment of the Court below is affirmed.

Mary Ann Spires died in El Paso County on August 9, 1971. An application to probate her will and certain codicils was filed in the Probate Court of El Paso County, and immediately a contest developed regarding a codicil. On September 27, 1971, pending the contest, a temporary administration for the Estate of Mary Ann Spires, Deceased, was established and the El Paso National Bank was appointed Temporary Administrator of the Estate. The order of appointment authorized the El Paso National Bank to prepare and file preliminary tax returns, final Estate and Inheritance Tax Returns on the Estate, and to prepare and file an inventory, appraisement and list of claims. The Bank was further authorized "To employ such attorneys, * * * as may be necessary to accomplish the above and foregoing duties and to pay same from the assets of the estate." The Appellee was then retained by the El Paso National Bank, in its representative capacity, to perform certain legal services, including the preparation of a Federal Estate Tax Return, the preparation of an Inheritance Tax Return, and the preparation of Fiduciary Income Tax Returns during the pendency of the temporary administration. In December, 1973, the contest regarding the codicil was concluded by settlement. On December 20, 1973, the Appellee filed an application for payment of his fees of $20,000.00 and this application was filed with the Clerk of the Probate Court. On the following day, December 21, 1973, the Probate Court established an independent administration for the Estate of Mary Ann Spires and appointed the American State Bank of Lubbock as Independent Executor. It immediately qualified as Executor.

By its first point, the El Paso National Bank complains of the action of the trial Court in entering judgment against it as Temporary Administrator since the undisputed evidence established that the temporary administration was terminated on December 21, 1973, because it was on that date that the independent executorship was established. It is that Bank's contention that after December 21, 1973, the Bank no longer represented the Estate of Mary Ann Spires, Deceased, and could not take any action on behalf of that Estate.

When the Appellee filed suit for his attorney's fees, he sued only the El Paso National Bank, both in its individual and in its representative capacity as the Temporary Administrator. That Bank immediately filed a third-party action against the American State Bank of Lubbock as Independent Executor of the Estate, reciting the appointment and qualification of the Independent Executor as of December 21, 1973, and claimed that the liability for the attorney's fees of the plaintiff should only be asserted by the plaintiff against the third-party defendant, and, alternatively, that if the El Paso National Bank was liable that it have judgment over against the Lubbock Bank. Thereafter, the plaintiff added the Lubbock Bank as a direct defendant to its claim, and then non-suited the El Paso National Bank in its individual capacity. In its answer, upon which it went to trial, the El Paso National Bank alleged

in detail the appointment and qualification of the Lubbock Bank as Independent Executor on December 21, 1973, and it claimed that this caused the legal termination of the temporary administration resulting in its non-liability in any such capacity to the plaintiff. In effect, the El Paso Bank was pleading that it had no legal capacity to be sued or that it was not liable in the capacity in which it was sued as set out in Tex.R. Civ.P. 93(b) and (c). The answer, while not verified, was adequate to raise the defense as the truth of this matter appeared of record. The El Paso Bank, in asserting that it should have been dismissed, points to the transitory nature of a temporary administration pending a will contest; that all powers of the temporary administration must cease upon the appointment and qualification of an Independent Executor; and that the very nature of the independent executorship requires that it succeed to all the rights, powers and duties ever held by the Temporary Administrator. Tex.Prob. Code Ann. § 132(a); *Ex parte Lindley,* 163 Tex. 301, 354 S.W.2d 364 (1962). It is further pointed out that there can be no power in the Temporary Administrator as there cannot be two full administrations of the same estate existing at the same time. *Corpus Christi Bank and Trust v. Alice National Bank,* 444 S.W.2d 632 (Tex.1969); *King v. King,* 230 S.W.2d 335 (Tex.Civ.App. —Amarillo 1950, writ ref'd).

Granted that no power remained to actively administer the Estate, the facts show that the El Paso Bank, at the time the present suit was filed and when judgment was thereafter entered, had neither rendered a final account nor been discharged in its capacity and that it still retained some $16,000.00 in cash belonging to the Estate. Until it finally accounted and secured a final discharge, it could still be sued in its capacity as Temporary Administrator by the Independent Executor for the recovery of those funds. *Hill v. Magee,* 76 S.W.2d 579 (Tex.Civ.App.—Waco 1934, writ ref'd). It was sued for those funds by a creditor on a debt admittedly created, and the trial Court was not in error when it refused to dismiss that defendant where it adequately protected it in the final judgment. The trial Court ordered all funds remaining in the temporary administration be applied on the Appellee's judgment, and, as to any balance, it honored the prayer of the Temporary Administrator with judgment over against the Independent Executor.

Incidental arguments presented by the Appellants that the Appellee should have presented a properly verified claim to the Appellants in their respective capacities as a predicate for filing suit are rejected. The claim asserted accrued against the Estate after the appointment of the El Paso Bank as Temporary Administrator, and was contracted by it for the Estate. Presentment of this type of claim is not required even with an administration. Tex.Prob. Code Ann. § 317(d); *Kitchens v. Culhane,* 398 S.W.2d 165 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). As to the Independent Executor, no claim need be legally presented as a predicate to suit. *Bunting v. Pearson,* 430 S.W.2d 470 (Tex.1968). Thereafter, the necessary authority to pay this disputed claim arose from the judgment rendered by the District Court.

Appellants complain that the trial Court erred in awarding attorney's fees for Mr. Leeper's own attorney in the prosecution of the present action as there was no evidence of presentment as required under Tex.Rev.Civ.Stat.Ann. art. 2226. To recover the fees under this Statute, the burden was on the plaintiff to plead and prove presentment of the claim to the debtor and a failure to pay for thirty days thereafter. A specific demand or presentment must be made and the mere filing of suit does not satisfy the Statute. *El Paso Moulding and Manufacturing Co., Inc. v. Southwest Forest Industries, Inc.,* 492 S.W.2d 331 (Tex. Civ.App.—El Paso 1973, writ ref'd n.r.e.). In the latter part of 1973, the El Paso Bank became aware that the litigation regarding the codicil might be settled and called upon Mr. Leeper to present a bill or claim for his services which he had rendered the Temporary Administrator. Acting on this, on December 20, 1973, a claim detailed as to time

spent and requesting a fee of $20,000.00 was filed by Leeper in the office of the County Clerk and in the temporary administration file. This, while defective in form as to claims made under Tex.Prob.Code Ann. § 301, was a sufficient demand or presentment under Article 2226. Insofar as "presentment" to an administrator is required of probate claims, Tex.Prob.Code Ann. § 308 permits the filing with the Clerk as an effective agent for the administrator. Texas Estate Administration, § 11.6, at 390. Since Article 2226, for attorney's fee purposes, permits the presentment to a duly authorized agent, the requirement of the latter Statute was met. It was not until the next day that the Independent Executor qualified and succeeded the Temporary Administrator, and that qualification carried with it the duty to pay all proper expenses theretofore incurred in the administration.

■ Additionally, on March 6, 1974, the attorney of record for Mr. Leeper demanded of the El Paso Bank that the fee of $20,000.00 be paid. A copy of this claim was likewise sent to the attorney for the Lubbock Bank. While the form of this demand is also subject to criticism, it is held sufficient. No particular form of presentment for attorney's fees is required. *Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958). Testimony was presented that a hearing was held in the Probate Court where the attorney's fee was apparently placed in issue and all parties were present, but the matter was never disposed of. All of this evidence satisfies the requirement of Article 2226, and the points questioning presentment are overruled.

The primary attack made by the Appellants concerns the award of $20,000.00 to the Appellee for his fees. No contention is made by the Appellants that the Appellee was not entitled to a fee, but the complaint is that it is excessive in that the amount would not have been as great had it not been for each of the asserted errors. These errors question the legal and factual sufficiency of the evidence that support the ver-

dict and judgment; complain that the valuation evidence introduced on behalf of the Appellee as to the services rendered concern services much broader than authorized by either the order of the Probate Court or by the agreement of the Temporary Administrator; and, finally, that the instruction of the Court concerning the special issue on the reasonable value of the attorney's fees limited the jury to consider matters which were not limited by the witnesses when they gave their opinion as to the reasonable value of the plaintiff's services.

When the Appellee was hired by the El Paso Bank to represent the Estate in matters pertaining to Texas assets and matters regarding Federal Estate Taxes, Federal Income Taxes and State of Texas Inheritance Taxes, that Bank at the same time designated and hired William Mounce as the attorney for matters of the Estate in New Mexico. Thereafter, the Appellee's duties were changed by agreement to the effect that Mr. Mounce would also handle all contested matters regarding the actions of the Temporary Administrator and all other matters except those tax matters specifically placed with the Appellee. Resulting work performed by Mr. Mounce was admittedly large and responsible as every action thereafter taken by the Temporary Administrator was questioned or contested by antagonistic heirs. The fee charged by Mr. Mounce was $18,500.00 and its necessity and reasonableness were conceded by all the parties.

Appellee's testimony was to the effect that the gross value of the Estate exceeded one and a half million dollars, that the recommended minimum fee schedule of the State Bar of Texas, which was introduced into evidence, suggested a fee for an estate of comparable size as three percent, or about $45,000.00, and that, based on the part of the work performed by the Appellee to the total work that was involved, $20,000.00 was a reasonable fee for his services. Mr. Leeper testified that the factors considered by him in presenting his bill were the complexity of the problems present, his responsibility toward the Estate, and the

value gained to the Estate because of his services as well as his time spent. Two attorneys, who qualified as experts, supported his claim.

On the other hand, the Appellants pointed to delays which they claim Mr. Leeper caused the Estate; that all information needed in filing the returns were furnished by the Temporary Administrator in the form of computer print-out sheets, and that from this information little additional work needed to be performed by the Appellee; that most of the time which Mr. Leeper and his associate spent was worthless and wasted effort; and that all of the real work on all the complicated matters was performed by the El Paso Bank and Mr. Mounce. The Appellants, by their cross examination, attempted to show that the Appellee and his associate were really charging on the basis of $100.00 an hour for the time of Mr. Leeper and $80.00 an hour for the time of the associate, and that the majority of the time spent was for matters which were unauthorized by either the El Paso Bank or the Probate Court.

■ After reviewing only the evidence and the inferences therefrom tending to support the jury finding of $20,000.00 and disregarding all evidence to the contrary, this Court overrules the "no evidence" point.

Further, after considering all the evidence, and all of the reasonable inferences arising, the factual insufficiency points are overruled.

While the Appellants did develop inconsistencies in the Appellee's testimony regarding the valuation testimony, the jury was justified under all the evidence in returning its verdict as being fair and reasonable within the authorization for the work by both the Probate Court and the Temporary Administrator. The trial Court attempted to so limit the jury in its consideration of the value of testimony by its instructions. While certain of the objections made by the Appellants to the charge might have properly limited the jury still further in its consideration, no error is reflected as there is no showing that the objections were ever presented and overruled by the trial Court as was then required by Tex.R. Civ.P. 272.

■ Finally, Appellants complain that the trial Court committed error in excluding from the jury's consideration the fact that $15,000.00 was the amount of attorney's fee charged in the L. R. Spires Estate. Mr. Spires, the husband of Mary Ann Spires, died in 1964 and the El Paso National Bank was appointed the Independent Executor of that Estate. The attorney for Mr. Leeper developed the fact that in the Federal Estate Tax Return for the L. R. Spires Estate, the amount of $39,000.00 was entered as the estimated attorney's fees that might be charged in that Estate and that this was the same amount as three percent of the gross value of that Estate. Appellants then attempted to prove that the attorney actually charged that Estate $15,-000.00 as an attorney's fee. The trial Court sustained an objection to the witness testifying to this amount but did permit the witness to testify that the fee was substantially less than the three percent. The trial Court committed no error and was within its proper discretion as the matter was purely collateral to the inquiry before the Court and the factors involved in charging the L. R. Spires Estate fee were never in evidence. 1 C. McCormick & R. Ray, Texas Evidence § 683.

All points presented by the Appellants have been considered and they are overruled. The judgment of the trial Court is affirmed.

PRESLAR, C. J., not sitting.