In the Matter of the Estate of Henrietta Augusta Kurtz, Deceased
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-376-CV

IN THE MATTER OF THE ESTATE
OF HENRIETTA AUGUSTA KURTZ, DECEASED

 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 99-0251-PR1
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      We must decide whether the County Court at Law of McLennan County properly dismissed
this proceeding, which had been transferred from the Constitutional County Court sitting as a
probate court, for lack of jurisdiction. Because we agree that the court had no jurisdiction, we
will affirm the order of dismissal.
FACTS
      On May 24, 1999, Mary A. Osborne filed an application to probate her mother’s will in the
McLennan County Court (“County Court”) as a muniment of title. The decedent, Henrietta
Augusta Kurtz, named her five children as the beneficiaries of her estate. The children were to
share equally and were named jointly as independent executors. On October 8, 1999, Adolf
Kurtz, another child of Henrietta, filed an “answer” to Mary’s application in which he stated:
[The other beneficiaries] have sold personal property, taken possession of bank accounts,
and rented real property, depositing the monies into personal accounts.
 
At present I have not been given a full inventory of my mother’s holdings and how and
if they have been disposed of.
 
My mother’s wishes were that the five of us work together and equally, but I have never
been told what actions they are taking in regards to the estate. 

. . .
 
I need a full accounting and inventory of all monies and bank accounts that my mother
informed me of before her death, all real and personal property. I feel that I need this
information before I can agree or disagree with anything. I feel the court would not want
me to make an uninformed decision.
 
I am asking the court to delay this hearing until these matters can be resolved.

      On October 13, the County Court nevertheless signed an order admitting the will to probate
as a muniment of title, finding no necessity for an administration of the estate. Tex. Prob. Code
Ann. § 89C(a) (Vernon Supp. 2001). After the will was admitted to probate as a muniment of
title only, Adolf filed a motion and an amended motion seeking an accounting, an affidavit
regarding the distribution of the estate, a declaratory judgment regarding the assets of the estate,
and a constructive trust. The County Court transferred the case to the McLennan County Court
at Law (“County Court at Law”) “for hearing purposes only.” Tex. Prob. Code Ann. § 5(c)
(Vernon Supp. 2001). 
      On July 10, 2000, Mary, on behalf of the remaining beneficiaries, filed a motion for a
protective order against Adolf’s discovery requests and asked the County Court at Law to dismiss
“Adolf’s case” for lack of jurisdiction. The motion stated in pertinent part:
This cause is an application to probate a will as muniment of title. The application
has been heard and the order admitting the will as muniment was entered. There are no
other issues before the Court. No administration was taken, no personal representative
qualified, and the probate matter is complete in all respects.

. . .
 
The “Plaintiff” has served interrogatories and requests for production on [the
remaining beneficiaries] which are due on July 18, 2000. Mary Osborne prays that this
Court order protection under Rule 192.6, T.R.C.P., that no discovery take place unless
and until the “Plaintiff” has before this Court a proper cause of action. In the alternative,
Mary Osborne prays that the Court find that the Application and Order for Admitting the
Will as Muniment of Title is complete and that this case is fully disposed, ordering any
interested person to bring the proper action in another court.

      On August 17, the court granted the motion and dismissed the case. The County Court at
Law made the following findings of fact and conclusions of law.
Findings of Fact:
 
1. This proceeding is in the nature of a muniment of title.
 
2. A hearing was held on October 13, 1999, and the will was admitted to probate as a
muniment of title. An order approving the Inventory was signed on December 1,
1999.



 
Conclusions of Law:
 
1. In a muniment of title actions, the court only has jurisdiction to admit the will to
probate and approve the inventory.
 
2. The court is without jurisdiction to hear ancillary petitions seeking affirmative relief.
 
3. Petitions seeking affirmative relief should be filed as a separate proceeding in a court
of competent jurisdiction.

DISCUSSION
      Probating a will as a muniment of title provides a means to probate a will quickly and cost-efficiently when there is no need for administration of the estate. Boone v. LeGalley, 29 S.W.3d
614, 616 n.2 (Tex. App.—Waco 2000, no pet.). A court may probate a will as a muniment of title
if the court finds that the will should be admitted to probate and there are no unpaid debts of the
estate other than debts secured by real property, or if the court determines for other reasons that
there is no need for an administration of the estate. Tex. Prob. Code Ann. § 89C(a). When a
court admits a will to probate as a muniment of title, the court does not issue letters testamentary
to an executor or appoint an administrator. Matter of Estate of Hodges, 725 S.W.2d 265, 271
(Tex. App.—Amarillo 1986, writ ref’d n.r.e.). One of the purposes of this limited form of
probate is to provide continuity in the chain of title to estate properties by placing the will on the
public record. Id.
      After Mary filed the application to probate Henrietta’s will as a muniment of title, Adolf filed
an “answer” which requested, among other things, a full accounting and inventory of all monies,
bank accounts, and real and personal property. However, the County Court proceeded and
probated the will as a muniment of title, effectively denying any relief Adolf requested. There was
no administration of the estate, and the court did not issue letters testamentary to an executor or
appoint an administrator. Id. Once the will was probated as a muniment of title, Adolf could have
appealed that order to this court. Tex. Prob. Code Ann. § 5(f) (All final orders of any court
exercising original probate jurisdiction shall be appealable to the court of appeals.). He did not
appeal. Instead, after the case was transferred to the County Court at Law and was dismissed, he
appealed that court’s order dismissing the case for lack of jurisdiction.
      Adolph points to sections 5(e) and 5A(a) of the Probate Code as conferring on the County
Court authority to hear matters “incident to the estate” or “appertaining to the estate.” Id. §§
5(e), 5A(a). He overlooks the fact that there was and is no “estate.” 
      When the order admitting the will to probate as a muniment of title became final, the County
Court's jurisdiction terminated. It had no jurisdiction to entertain Adolph's post-judgment
motions. As a result, the County Court at Law was also without jurisdiction to hear the case.
       We affirm the County Court at Law’s order of dismissal for lack of jurisdiction.
 
                                                             BILL VANCE
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 18, 2001
Publish