IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00145-CV

 

In the Matter of the
Estate of Lydia Mais,

                                                                      

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 03-000792-CV-361

 



MEMORANDUM 
Opinion



 

          Donald
L. Mais appeals from a summary judgment granted by the County Court at Law No.
1 of Brazos County (the county court) in a proceeding brought by his son, Gordon L.
Mais, concerning the property of Donald’s mother Lydia Mais, who died on October
 12, 1991.  Donald’s other son, Jeffery A. Mais, is not a
party to the suit.[1]

          Before
we address the issues, we recite a brief history.

Gordon filed suit in the 361st District Court in
Brazos County to partition certain real property owned by Lydia and for an accounting.  Because Lydia’s will had not been admitted to probate, the
district court determined that it had no jurisdiction over any part of the
proceeding other than the partition claim. 
By agreement of the parties, the case was transferred to the county
court.  After the transfer Gordon
supplemented his pleadings to include a prayer that the will be admitted to
probate as a muniment of title only, as more than four years had elapsed since
his grandmother’s death.  Tex. Prob. Code Ann. § 73 (Vernon 2003).  Both Gordon and Donald then filed motions for
summary judgment.  On September
 10, 2001, the county
court denied Donald’s motion and granted Gordon’s.  On September 12, the court admitted the will
to probate as a muniment of title.

Donald appealed the grant of the summary
judgment.  We determined that the court
had improperly granted the summary judgment prior to admitting Lydia’s will to probate as a muniment of title, and
we remanded the cause for further proceedings. 
See In the Matter of the Estate of
Lydia Mais, No. 10-02-00024-CV, slip op. at 3-4 (Tex. App.—Waco August 21, 2002, no pet.) (not designated for publication).  No appeal was taken from the order admitting
the will to probate.

          On
remand, the court again rejected Donald’s motion for summary judgment and
granted Gordon’s.  The court made several
findings, including:

·       
Donald
spent or used $90,887.42 in funds that belonged to Lydia’s Estate;[2]

·       
Donald owes
“the Estate” $40,878.27;

·       
Under Lydia’s will, Gordon and Jeffery are entitled to
one-fourth each and Donald is entitled to one-half;

 

·       
Donald chose
not to probate Lydia’s will so as to increase his share of her
estate; 

·       
The county
court has no jurisdiction over Gordon’s request for a partition of the real
property interest owned by Lydia or of his request for a constructive trust;

 

·       
Donald
should be enjoined from serving as Executor;

·       
Donald
should pay all court costs;

·       
Delbert
Hovorak was named alternate executor; and 

·       
Lydia’s will had been probated as a muniment of
title.

The court rendered judgment for “the Estate”
against Donald for $40,878.27, enjoined him from serving as executor, declared
its jurisdiction “terminated,” and transferred the case back to the 361st
District Court.

          In
this second appeal, Donald says that the court had no jurisdiction to do anything
Gordon requested other than admit the will to probate as a muniment of title
and, alternatively, that there were fact issues that precluded summary
judgment.

           A court may exercise only the jurisdiction
accorded it by the constitution or by statute. 
City of Beaumont v. West, 484 S.W.2d 789, 791 (Tex. Civ. App.CBeaumont 1972, writ
ref'd n.r.e.).  Subject matter
jurisdiction may not be enlarged by an agreement between the parties or by a
request that the court exceed its powers. 
Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
445 (Tex. 1993).

          We
held in Estate of Kurtz that the
jurisdiction of the McLennan County Court at Law terminated when the Constitutional
County Court’s order admitting a will to probate as a muniment of title became
final, and that pleadings filed thereafter seeking an inventory and
accounting of the estate were properly dismissed.  In re
Estate of Kurtz, 54 S.W.3d 353, 356 (Tex. App.—Waco 2001, no pet.).  We noted that sections 5(e) and 5A(a) of the
Probate Code could not be the basis for jurisdiction because there was no
“estate.”  We find, however, at least two
distinctions between Kurtz and this
case.  First, the county court in Brazos County has additional civil jurisdiction that the Constitutional County
 Court of McLennan County did not have, i.e., that
of a statutory county court.  Tex. Gov’t Code Ann. §§ 25.003,
25.0231, 25.0232 (Vernon 2004).  Second,
the request for action by the court other than the probating of the will as a
muniment of title was made by Gordon before
the case was transferred to the county court at law and the will was probated,
not afterward.  Thus, Kurtz does not entirely answer this
question, so we look to other possible grants of jurisdiction.

          Section
5(f) of the Probate Code gives all courts exercising original probate jurisdiction
the power to hear all matters “incident to an estate.”  Tex.
Prob. Code Ann. § 5(f) (Vernon Supp. 2004-05). 
Here, there was and is no “estate” for a matter to be incident to.  See id.
§ 5A(a) (Vernon Supp. 2004-05).

          Gordon
points to section 89C of the Probate Code that allows the court to include “in
the order probating the will as a muniment of title” a declaratory
judgment.  Id. § 89C(b) (Vernon 2003).  Here, however, the order probating the will
did not contain such a declaration and it became final without appeal.

          It
is clear that the county court was exercising its probate jurisdiction.  Gordon filed pleadings in his own name, but the
court dealt with those claims only in connection with its probate
jurisdiction.  And the judgment it
rendered was in favor of a non-existent “estate.”[3]  Thus,
although the county court has jurisdiction of civil matters up to $100,000, the
summary judgment order does not purport to exercise that jurisdiction.  We conclude that the county court was without
jurisdiction to render the order.

          Having
found that the court lacked jurisdiction to enter it, we do not reach Donald’s
issues concerning the propriety of the summary judgment.

We reverse the summary judgment and remand the
cause to the 361st district court, to which the county court had transferred it
prior to this appeal.

          

          

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray concurs in the
judgment, but not the opinion, of the Court.)

Reversed and
remanded

Opinion
delivered and filed December 29,
 2004

[CV06]  











    [1]       Although the caption lists the 361st
District Court and its cause number, the order appealed from was rendered by
the county court prior to returning the case to the district court.





    [2]       The
determination of the rights of the parties is further complicated by the fact
that Donald inherited a portion of his father’s estate and was appointed
trustee for Lydia over another portion.  Apparently Donald and Lydia never divided that estate between them during
her lifetime or observed the trust provisions.





    [3]       Even if there were an “estate,” an estate
itself is not a legal entity and therefore cannot sue or be sued.  See
Henson v. Estate of Crow, 734 S.W.2d 648, 649 (Tex. 1987). 
Nor is there a personal representative to sue on behalf of the non-existent
estate.