**Opinion issued August 9, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-16-00236-CV**

———————————

**IN RE TAMSIN JACKY AND KEVIN SQUYRES, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**O P I N I O N**

In this probate dispute, relators, Tamsin Jacky and Kevin Squyres (collectively, "Jacky"), filed a motion seeking to set aside the probate court's order issuing letters testamentary and appointing real party in interest, Deirdre Squyres Baker ("Baker"), the independent executor of the estate of the parties' deceased

father, Coy Herman Squyres ("Squyres").[1]  In one issue, Jacky contends that the probate court abused its discretion in appointing Baker independent executor because the probate court had signed a final judgment admitting Squyres' will to probate as a muniment of title three-and-a-half years earlier and, thus, the probate court lacked plenary power to reopen the estate and appoint Baker as independent executor.

We conditionally grant the petition for writ of mandamus.

## Background

In October 2006, Squyres executed a self-proving will that divided his estate among his five children: Alexander Squyres, relator Kevin Squyres, real party in interest Deirdre Baker, Moira Young, and relator Tamsin Jacky.[2]  In his will, Squyres named Baker as independent executor, and he named Young, Jacky, and Kevin Squyres as contingent independent executors.

Squyres died in January 2012.  On March 29, 2012, Baker filed with the probate court an application to probate Squyres' will as a muniment of title.  The application included the following statement: "Applicant has investigated the affairs

---

[1]     The Honorable Rory R. Olsen, Judge of the Probate Court Number Three of Harris County, Texas, Respondent.  The underlying lawsuit is *In re Estate of Coy H. Squyres, aka Coy Herman Squyres, Deceased*, No. 412110 (Prob. Ct. No. 3, Harris County, Tex.).

[2]     Alexander Squyres died in 2009 and predeceased his father.  Moira Young is not a party to this mandamus proceeding.

2

of the Decedent and finds that to the best of Applicant's knowledge and belief, there are no unpaid debts owing by the Estate of the Decedent, exclusive of any debt secured by liens on real estate, and there is no necessity for administration [of] such Estate."

On April 26, 2012, the probate court signed an order admitting Squyres' will to probate as a muniment of title. The probate court specifically found that "there are no unpaid debts owing by this Estate, exclusive of any debt secured by liens on real estate" and that "there is no necessity for administration of this Estate." The order stated:

> **IT IS THEREFORE ORDERED AND DECREED** by the Court that the Will of COY HERMAN SQUYRES is hereby proved and established and admitted to probate as a Muniment of Title only, and that the Clerk of this Court record said Will, together with the Application of DEIRDRE SQUYRES BAKER in the judge's probate docket; and, that this Order shall constitute sufficient legal authority to all persons owing money to Decedent, having custody of any property, or acting as registrar or transfer agent of any evidence of interest, indebtedness, property, or right belonging to the Estate of COY HERMAN SQUYRES, Deceased, and to persons purchasing from or otherwise dealing with [the] Estate of COY HERMAN SQUYRES, Deceased, for payment or transfer without liability, to the persons described in said Will to receive the particular asset without administration; and further, that the person or persons entitled to property under provisions of said Will shall be entitled to deal with and treat the properties to which they are so entitled in the same manner as if the record title thereof were vested in their names.

The order included a handwritten notation that "the 180 day affidavit shall be filed."

3

On May 21, 2012, the probate court signed a "Drop Order," which stated: "It appearing that no further court action is necessary in this case, it is **ORDERED** that the clerk drop this cause from the Court's docket." On October 2, 2012, within 180 days of the probate court's order admitting the will to probate, Baker filed an affidavit with the probate court stating that "all terms of the Last Will and Testament of the said COY HERMAN SQUYRES, Deceased, have now been fulfilled." No further action occurred in this case for three years.

On November 11, 2015, Baker filed an application for the probate court to issue letters testamentary and appoint her as independent executor of Squyres' estate. In this application, Baker acknowledged that the probate court had already admitted Squyres' will to probate as a muniment of title in April 2012. Baker alleged:

> Since the will was admitted to probate as a muniment of title by this Court, Applicant has learned of potential claims due the Estate. There is a necessity for an administration of the Estate so that such claims may be further investigated.
>
> Applicant hereby requests the Court Appoint her as Independent Executor of Decedent's estate. Applicant is not aware of any disqualification that would disqualify her from accepting Letters Testamentary, and is entitled to such Letters.
>
> Applicant requests, as provided in Section 401.001 of the Texas Estates Code, that no other action be had in this Court in relation to the settlement of Decedent's Estate, other than the return of an Inventory, Appraisement and List of Claims of Decedent's Estate and that a bond be waived.

Baker provided no information concerning the potential claims allegedly owing to the estate, and she did not identify any specific claims owing to the estate.

4

On December 11, 2015, the probate court signed an order appointing Baker independent executor and issuing letters testamentary. This order included a finding that "a necessity exists for the administration of Decedent's estate." The probate court ordered the filing of an inventory and list of claims.

Jacky received notice of the probate court's order appointing Baker as independent executor in January 2016. She moved the probate court to vacate this order, arguing that the probate court lost jurisdiction over this case after it admitted Squyres' will to probate as a muniment of title in April 2012. Jacky argued that this order was a final judgment and that Baker could not, over three years later, reopen the estate and apply for appointment as independent executor.

In response, Baker argued that jurisdiction of a probate court attaches when an application to probate a will is filed and continues until the estate is closed, which, in the case of an estate in which the will is admitted to probate as a muniment of title, is when the estate's property is distributed, the debts are paid, and there is no need for further administration. Baker argued that, because she believed that there are potential claims owing to Squyres' estate and, thus, that potential assets remain in the estate, there is still a necessity for administration, and the probate court did not lose jurisdiction upon signing the order admitting the will to probate as a muniment of title. Baker thus argued that the probate court had jurisdiction to enter an order appointing her as independent executor.

5

The record does not include a ruling on Jacky's motion to set aside. In this mandamus proceeding, Jacky requests that we vacate the probate court's order issuing letters testamentary and appointing Baker as independent executor.

**Mandamus Standard of Review**

Generally, to be entitled to mandamus relief, the relator must demonstrate that the trial court abused its discretion and that it has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear prejudicial error of law. *Walker*, 827 S.W.2d at 839. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate that she lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Flores*, 111 S.W.3d 817, 818 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (per curiam).

**Probate Jurisdiction**

In a county in which there is a statutory probate court, such as Harris County, the statutory probate court has "original jurisdiction of probate proceedings." TEX. EST. CODE ANN. § 32.002(c) (West 2014); *see also id.* § 31.001 (West 2014) (defining "probate proceeding" to include, among other things, "the probate of a will, with or without administration of the estate," "the issuance of letters testamentary and of administration," and "an application, petition, motion, or action regarding the probate of a will or an estate administration"). Estates Code section 32.001(d) provides that "[t]he administration of the estate of a decedent, from the filing of the application for probate and administration, or for administration, until the decree of final distribution and the discharge of the last personal representative, shall be considered as one proceeding for purposes of jurisdiction." *Id.* § 32.001(d) (West 2014).

Estates Code Chapter 257 governs the probate of a will as a muniment of title. Section 257.001 provides:

> A court may admit a will to probate as a muniment of title if the court is satisfied that the will should be admitted to probate and the court:
>
> (1)    is satisfied that the testator's estate does not owe an unpaid debt, other than any debt secured by a lien on real estate; or
>
> (2)    finds for another reason that there is no necessity for administration of the estate.

7

*Id.* § 257.001 (West 2014). A trial court order admitting a will to probate as a muniment of title "constitutes sufficient legal authority for each person who owes money to the testator's estate . . . to pay or transfer without administration the applicable asset without liability to a person described in the will as entitled to receive the asset." *Id.* § 257.102(a) (West 2014). "A person who is entitled to property under the provisions of a will admitted to probate as a muniment of title is entitled to deal with and treat the property in the same manner as if the record of title to the property was vested in the person's name." *Id.* § 257.102(b). Within 180 days after the trial court signs an order admitting a will to probate as a muniment of title, "the applicant for the probate of the will shall file with the court clerk a sworn affidavit stating specifically the terms of the will that have been fulfilled and the terms that have not been fulfilled." *Id.* § 257.103(a) (West 2014).

"Probating a will as a muniment of title provides a means to probate a will quickly and cost-efficiently when there is no need for administration of the estate." *In re Estate of Kurtz*, 54 S.W.3d 353, 355 (Tex. App.—Waco 2001, no pet.). When a court admits a will to probate as a muniment of title, the court does not issue letters testamentary to an executor, nor does it appoint an administrator. *Id.* One of the purposes of this "limited form of probate" is to "provide continuity in the chain of title to estate properties by placing the will on the public record." *Id.*; *In re Estate of Hodges*, 725 S.W.2d 265, 271 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.)

8

("Admitting the will [to probate] for such limited purposes vests the named executor with neither duty nor authority."). "[T]he final distribution of an estate's assets after all debts and claims against the estate are paid results in the closing of the estate." *In re John G. Kenedy Mem'l Found.*, 159 S.W.3d 133, 144 (Tex. App.—Corpus Christi 2004, orig. proceeding) (quoting *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.)).

A probate order is the "functional equivalent" of a final judgment when it finally disposes of a particular issue between parties. *Ajudani v. Walker*, 232 S.W.3d 219, 223 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "Thus, the probate court's plenary power to vacate, modify, correct, or reform a final order expires 30 days after it is signed." *Id.* (citing TEX. R. CIV. P. 329b(d)). A probate court retains jurisdiction over the administration of an estate until that estate is disposed of, but "that continuing jurisdiction does not alter the court's plenary power over final judgments." *Smalley v. Smalley*, 436 S.W.3d 801, 806 n.9 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The Estates Code allows for correction of orders rendered in a probate proceeding, but it contains strict time limits concerning when interested parties may seek to set aside such orders. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 227–28 (Tex. 2015) ("The Legislature has rarely prescribed express limitations periods for

bills of review but did so several times in the Probate Code and carried those limitations forward when the Probate Code was recently recodified as the Texas Estates Code."). For example, section 55.251(a) provides that "[a]n interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." TEX. EST. CODE ANN. § 55.251(a) (West 2014). Section 55.251(b), however, provides that such a bill of review "may not be filed more than two years after the date of the order or judgment, as applicable." *Id.* § 55.251(b); *cf. id.* § 256.204 (West 2014) (limiting action to contest validity of will admitted to probate to two years after date will was admitted to probate, although if forgery or other fraud is alleged, two-year time period runs from date forgery or fraud was discovered).

"These express references to statutes of limitations for bills of review reflect legislative concern for the orderly administration of estates and finality of judgments and are consistent with the 'strong public interest in according finality to probate proceedings,' which has been afforded great weight in our precedent." *Valdez*, 465 S.W.3d at 228 (quoting *Little v. Smith*, 943 S.W.2d 414, 421 (Tex. 1997)). "'[A]fter an estate has been finally distributed, the interest in finality may provide an additional, valid justification for barring the belated assertion of claims,' even if the claims have merit and 'even though mistakes of law or fact may have occurred

10

during the probate process.'" *Id.* at 230 (quoting *Reed v. Campbell*, 476 U.S. 852, 855–56, 106 S. Ct. 2234, 2237 (1986)).

Here, it is undisputed that Squyres died in January 2012 and that Baker applied to have his will probated as a muniment of title in March 2012. In this application, Baker alleged, "Applicant has investigated the affairs of the Decedent and finds that to the best of Applicant's knowledge and belief, there are no unpaid debts owing by the Estate of the Decedent, exclusive of any debt secured by liens on real estate, and there is no necessity for administration on such Estate." The probate court entered an order admitting the will to probate as a muniment of title on April 26, 2012, specifically finding that "there are no unpaid debts owing by this Estate, exclusive of any debt secured by liens on real estate" and that "there is no necessity for administration of this Estate." Within 180 days of the date of this order, Baker filed an affidavit with the probate court "indicating that all terms of the Last Will and Testament of the said COY HERMAN SQUYRES, Deceased, have now been fulfilled."

The April 26, 2012 order admitting Squyres' will to probate as a muniment of title finally disposed of all issues in the proceeding and was a final and appealable judgment. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *In re Estate of Perez*, 324 S.W.3d 257, 259–60 (Tex. App.—El Paso 2010, no pet.) (considering merits of appeal from probate court's order admitting will to probate as muniment

11

of title). Thus, the probate court retained plenary power to vacate, modify, correct, or reform this order for thirty days. *Ajudani*, 232 S.W.3d at 223; *see also Smalley*, 436 S.W.3d at 806 n.9 (stating that probate court's jurisdiction continues until estate is disposed of, but continuing jurisdiction does not alter plenary power over final judgments).

Baker, however, filed an application for issuance of letters testamentary and appointment of an independent executor for Squyres' estate on November 11, 2015, more than three years after the probate court admitted the will to probate as a muniment of title and after Baker averred that the terms of the will had been fulfilled. This was more than three years after the probate court's plenary power expired and the estate closed and more than a year after the deadline for filing a bill of review to correct any error in the probate court's final order. *See* TEX. EST. CODE ANN. § 55.251(a), (b); *In re John G. Kenedy Mem'l Found.*, 159 S.W.3d at 144; *Interfirst Bank-Houston, N.A.*, 699 S.W.2d at 874. Baker alleged, "Since the will was admitted to probate as a muniment of title by this Court, Applicant has learned of potential claims due the Estate. There is a necessity for an administration of the Estate so that such claims may be further investigated."[3] The probate court found

---

[3] We note that Baker has not, at any point in this proceeding, identified a specific claim still owing to the estate.

12

"[t]hat a necessity exists for the administration of Decedent's estate," issued letters testamentary, and appointed Baker as independent executor on December 11, 2015.

In contending that the probate court retained jurisdiction to enter the December 11, 2015 order, Baker argues that the probate court's jurisdiction continues until the estate is closed, which, in the case of a will admitted to probate as a muniment of title, occurs "when all of the estate's property is distributed, the estate's debts are paid, and there is no need for further administration." Baker argues that Squyres' estate did not close after the probate court admitted the will to probate because she discovered, after the court entered the order admitting the will to probate as a muniment of title, potential claims owing to the estate which would require an administration of the estate to resolve. This is incorrect.

When the probate court signed the order admitting the will to probate as a muniment of title, the court specifically found that "there is no necessity for administration of this Estate." After the probate court entered this order, it retained plenary power to vacate, modify, correct, or reform the order for thirty days. *See Ajudani*, 232 S.W.3d at 223. Baker later filed the statutorily-required affidavit, in which she averred that all of the terms of Squyres' will had been fulfilled. By this point, no known claims owing to the estate existed, no further actions needed to be taken with regard to the estate, and Squyres' estate had closed. *See In re John G. Kenedy Mem'l Found.*, 159 S.W.3d at 144 ("[T]he final distribution of an estate's

13

assets after all debts and claims against the estate are paid results in the closing of the estate.").  Holding, as Baker contends, that Squyres' estate did *not* close because unknown and unidentified claims owing to the estate potentially existed would mean that no estate in which a will is admitted to probate as a muniment of title could ever close because there always exists the possibility that an unknown claim needing administration might remain and might not come to light until later.

The Estates Code provides a mechanism for correcting errors in orders rendered in a probate proceeding: an interested party may file a bill of review seeking revision or correction of the order upon a showing of an error in the order.  *See* TEX. EST. CODE ANN. § 55.251(a).  This section, however, requires that such a bill of review be filed within two years after the date of the challenged order.  *Id.* § 55.251(b); *Valdez*, 465 S.W.3d at 227 (noting two-year statute of limitations period for bills of review).  Baker did not file a bill of review seeking to set aside or correct the order admitting the will to probate as a muniment of title within two years of the date the probate court signed the order.  *See Power v. Chapman*, 994 S.W.2d 331, 334 (Tex. App.—Texarkana 1999, no pet.) (holding that party seeking to set aside order admitting will to probate as muniment of title could not obtain relief under predecessor to Estates Code section 55.251 because party filed petition to set aside order "well outside the two-year limitations period" provided in statute).

14

The Texas Supreme Court has afforded "great weight" to the "strong public interest in according finality to probate proceedings." *Valdez*, 465 S.W.3d at 228 (quoting *Little*, 943 S.W.2d at 421). Here, the probate court's April 26, 2012 order admitting Squyres' will to probate as a muniment of title became a final judgment, and the probate court lost plenary power thirty days later. *See Ajudani*, 232 S.W.3d at 223; *In re Estate of Kurtz*, 54 S.W.3d at 356 ("When the order admitting the will to probate as a muniment of title became final, the County Court's jurisdiction terminated."). The existence of unspecified potential claims owing to the estate— potential claims raised for the first time more than three years after the probate court's order admitting the will to probate as a muniment of title—did not prevent the order from becoming final and did not prevent the estate from closing.

We conclude that the probate court erred in issuing letters testamentary and appointing Baker independent executor of Squyres' estate more than three years after the court admitted the will to probate as a muniment of title. Because the probate court entered this order after its plenary power had expired, this order is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Judicial action taken after the trial court's plenary power has expired is void."). Mandamus relief is proper when the trial court enters a void order, and Jacky need

not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Flores*, 111 S.W.3d at 818.

We sustain Jacky's sole issue.

## Conclusion

We conditionally grant the petition for writ of mandamus and order the probate court to vacate its order issuing letters testamentary and appointing Baker independent executor of Squyres' estate. The writ will only issue if the probate court fails to comply.

                                    Evelyn V. Keyes
                                    Justice

Panel consists of Justices Keyes, Brown, and Huddle.