

# NUMBER 13-16-00637-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JUAN CARLOS CANTU

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Perkes, and Longoria
### Memorandum Opinion[1] Per Curiam

Relator Juan Carlos Cantu filed a motion for emergency stay in the above cause on November 22, 2016. In the motion for emergency stay, relator appears to contend that the county court at law lacks jurisdiction because (1) justice courts have original jurisdiction over eviction cases, and (2) the plaintiff and real party in interest, Eddie Medina, lacks standing to bring the underlying suit. Through his motion for emergency stay, relator seeks a stay in the execution of the writ of possession issued by the county

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *Id.* R. 47.4 (distinguishing opinions and memorandum opinions).

clerk and . . . a stay of the county court at law's order setting [supersedeas] bond at $9,000.00 cash." By petition for writ of mandamus, filed almost a week later, relator seeks to set aside the trial court's final order in this eviction case and to set aside the Hidalgo County Clerk's writ of possession. This original proceeding joins an appeal arising from the same trial court cause number that is currently pending in this Court in cause number 13-16-00566-CV, styled *Juan Carlos Cantu v. Eddie Medina*.[2]

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate that he lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Jacky*, No. 01-16-00236-CV, 2016 WL 4203421, at *3, __ S.W.3d __, __ (Tex. App.—Houston [1st Dist.] Aug. 9, 2016, orig. proceeding).

In addition to other requirements, a petition for writ of mandamus must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally*

---

[2] This original proceeding arises from trial court cause number CL-16-3004-A in the County Court at Law Number One of Hidalgo County, Texas. The real party in interest is Eddie Medina, and the respondents in this proceeding are the Honorable Rodolfo Gonzalez, Presiding Judge of the County Court at Law Number One, and the Honorable Arturo Guajardo Jr., the County Clerk of Hidalgo County, Texas. *See generally* TEX. R. APP. P. 52.2.

TEX. R. APP. P. 52.3.   In this regard, the relator must furnish an appendix or record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator's petition for writ of mandamus fails to meet the foregoing requirements insofar as the record and appendix are incomplete and thus relator has failed to establish an abuse of discretion.  Further, this court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code.  Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to:  (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2015 R.S.).  The county clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought.  Accordingly, we DENY the petition for writ of mandamus, in part, insofar as relator seeks relief against the judge of the trial court, and we DISMISS the petition for writ of mandamus, in part, insofar as relator seeks relief against the county clerk.  The motion for emergency relief is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
29th day of November, 2016.