**Dismissed; Opinion Filed October 30, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00919-CV

### IN THE ESTATE OF EUGENE DARWIN KNIES, DECEASED

**On Appeal from the Collin County Probate Court
Collin County, Texas
Trial Court Cause No. PB1-1781-2016**

# MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Appellant Pamela R. Hieb appeals the trial court's May 14, 2018 order awarding appellee Michael D. Curran $1,500 in attorney's fees. By letter dated August 30, 2018, we questioned our jurisdiction over this appeal. Specifically, we raised concern about whether the trial court acted within its plenary power when it signed the May 14, 2018 order, five months after dismissing the cause with prejudice. We directed appellant and appellee to file letter briefs regarding our jurisdiction. After consideration of those briefs, we dismiss this appeal for want of jurisdiction.

Kellie Cook initiated this litigation by filing an application for probate of a will. Hieb filed a will contest, after which time her attorney served a subpoena duces tecum on Curran, the decedent's attorney. Curran filed a Motion to Quash Subpoena Duces Tecum and Motion to Deposit Funds in the Registry of the Court. The motion to deposit funds requested that Hieb be required to deposit $10,000 into the registry of the court to cover legal expenses Curran incurred in responding to the subpoena and any future time he might spend on the matter.

On October 3, 2017, the trial court held a hearing on the motion. It appears Curran produced documents responsive to the subpoena at that time. In any event, at that hearing or shortly thereafter Curran did not secure a written order disposing of his motion to quash or his motion to require Hieb to deposit funds in to the registry of the Court.

Cook and Hieb subsequently settled their disputes and, as a result, Cook filed a motion to dismiss her application to probate the will with prejudice. On December 13, 2017, the trial court signed an order dismissing the "cause" with prejudice. The trial court's order disposed of all the parties and issues for which the proceeding was brought. Thus, it was a final judgment. *See In re Barrera*, 05-17-00774-CV, 2017 WL 3614145, at *1 (Tex. App.—Dallas Aug. 23, 2017, no pet.) (order disposing of all parties and issues for which particular part of probate proceeding was brought is final and appealable). Because no party filed any post-judgment motions, the trial court's plenary jurisdiction expired thirty days later. *See* TEX. R. CIV. P. 329b(d); *see also In re Jacky*, 506 S.W.3d 550, 555 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Nevertheless, on May 14, 2018, nearly four months after its plenary jurisdiction expired, the trial court signed an order awarding Curran the attorney's fees he incurred in responding to the subpoena duces tecum.

Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void. *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). We have no jurisdiction to consider the merits of an appeal from a void order. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). When a party appeals a void order, we should declare the order void and dismiss the appeal for want of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Cleburne Foods, LLC v. Zawideh*, 05-18-00436-CV, 2018 WL 3968486, at *2 (Tex. App.—Dallas Aug. 20, 2018, no pet. h.); *McClellan v. HICA Educ. Loan Corp. ex rel. Sallie Mae, Inc.*, 312

S.W.3d 291, 293 (Tex. App.—Dallas 2010, no pet.). Consequently, we declare the trial court's

May 14, 2018 order void and dismiss this appeal for want of jurisdiction.



/Lana Myers/
LANA MYERS
JUSTICE

180919F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE ESTATE OF EUGENE DARWIN
KNIES, DECEASED

No. 05-18-00919-CV

On Appeal from the Collin County Probate
Court, Collin County, Texas
Trial Court Cause No. PB1-1781-2016.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's May 14, 2018 judgment and **DISMISS** the appeal for want of jurisdiction.

It is **ORDERED** that appellant Pamela R. Hieb recover her costs of this appeal from appellee Michael D. Curran.

Judgment entered this 30th day of October, 2018.