# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00865-CV

**Louise H. Chabot, Appellant**

**v.**

**The Estate of John Edward Sullivan, Deceased;**
**Michael E. Deadman, Temporary Administrator; and John S. Young, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY
### NO. 14P252-L, HONORABLE MARTIN "BROCK" JONES, JUDGE PRESIDING

## O P I N I O N

Louise H. Chabot appeals from the trial court's order authorizing appellee Michael E. Deadman, temporary administrator of the estate of John Edward Sullivan (the Estate), to sign final agreed judgments settling two tort claims against the Estate. In her sole appellate issue, Chabot contends that the trial court's order is void because the court's prior order appointing Deadman as temporary administrator of the Estate was void ab initio. Because we conclude that the order appointing Deadman as temporary administrator was not void, we will affirm the trial court's order authorizing Deadman to settle the tort claims.

## BACKGROUND

The circumstances surrounding John Sullivan's death and his purported will are complex and have given rise to both civil litigation and criminal convictions.[1] We will recount only the facts relevant to this appeal. Sullivan died in early June 2014. Shortly thereafter, Sullivan's attorney, John S. Young, filed an application for probate of a holographic will as muniment of title.[2] In his application, Young alleged that Sullivan left a will dated June 2, 2014. Young also alleged that "there are no unpaid debts owing by the Estate of the Decedent, exclusive of any debt secured by liens on real estate, and there is no necessity for administration on such Estate."

On June 16, the trial court signed an order admitting the will to probate as muniment of title. In the order, the court found that: "no objection to or contest of the probate of said Will has been filed"; "Decedent names John Young in his Will as Decedent's sole beneficiary of his estate"; "there are no unpaid debts owing by this Estate, exclusive of any debt secured by liens on real estate"; and "there is no necessity for administration of this Estate." The court ordered that Sullivan's holographic will "is hereby proved and established and admitted to probate as a Muniment of Title only" and that "ALL right, title, and interest in ANY property or interest, whether listed herein or not, belonging [to] the Estate . . . is hereby vested in [Young], only, as the sole beneficiary in and under the herein described Will admitted to probate."

---

[1] *See Law Offices of John S. Young, P.C. v. Deadman*, No. 03-17-00148-CV, 2017 WL 6273258 (Tex. App.—Austin Dec. 5, 2017, no pet.) (mem. op. on reh'g). Two related criminal cases, *Young v. State*, No. 03-18-00080-CR, and *Zapata v. State*, No. 03-17-00537-CR, are currently on appeal in this Court.

[2] "Probating a will as a muniment of title provides a means to probate a will quickly and cost-efficiently when there is no need for administration of the estate." *In re Estate of Kurtz*, 54 S.W.3d 353, 355 (Tex. App.—Waco 2001, no pet.).

In September 2014, O.B. brought tort claims against the Estate, alleging that Sullivan sexually abused him when O.B. was a minor. Then, in November 2014, Chabot, who is Sullivan's half-sister, filed a will contest in the trial court. Chabot alleged that the holographic will was not written in Sullivan's handwriting and that the signature was not Sullivan's. Among other things, Chabot asked the court to set aside its June 16, 2014 order admitting the will to probate and to "appoint a temporary administrator or other personal representative" for the Estate.

On January 19, 2015, O.B. also filed a will contest. Like Chabot, O.B. argued that the will was a fraud or forgery and asked the trial court to set aside its June 16 order and appoint a temporary administrator. The court appointed Deadman as temporary administrator of the Estate, and Chabot did not object to the appointment. Later, O.B.'s brother M.B. filed suit against Deadman as temporary administrator of the Estate, alleging that Sullivan also sexually abused him when M.B. was a minor. M.B. and O.B. (the Tort Claimants) then filed a joint amended petition asserting a will contest.

Deadman managed the Tort Claimants' suits as well as other legal disputes involving the Estate. In August 2016, Deadman sought the trial court's authorization to settle the Tort Claimants' suits, and Chabot opposed the settlements. The court initially denied Deadman's request, but Deadman later filed an application for the court to consider new settlement agreements. After holding a hearing at which Chabot again opposed the settlement agreements, the trial court signed an order authorizing Deadman to sign final agreed judgments settling the Tort Claimants' suits, and Chabot now appeals from that order.

3

**DISCUSSION**

In her sole appellate issue, Chabot contends that the trial court's order authorizing the settlement of the Tort Claimants' suits is void because the court's prior order appointing Deadman as temporary administrator of the Estate was void for want of jurisdiction. Whether the court's order appointing Deadman as temporary administrator of the Estate was void for want of jurisdiction is a question of law we review de novo.[3] *See Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ("Whether a trial court has subject-matter jurisdiction is a question of law subject to *de novo* review."); *see also In Interest of H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *McLane Co. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 874 (Tex. App.—Austin 2017, pet. denied).

Chabot argues that the trial court's order appointing Deadman as temporary administrator was void ab initio because the court's plenary power expired before it signed the order. According to Chabot, the trial court's June 16, 2014 order admitting the will to probate actually included "at least two distinct judgments: (1) the standard judgment that the will should be admitted to probate and (2) the additional judgment that no necessity for administration exists." Chabot further argues that the first of these two judgments may be directly attacked by a will contest but that the second judgment—that no necessity for administration exists—can only be attacked after the court loses plenary power by a bill of review. Because neither she nor the Tort Claimants filed a bill

---

[3] For the purposes of our analysis, we will assume, without deciding, that if the order appointing Deadman as temporary administrator was void, the order authorizing the settlements is also void.

4

of review, Chabot contends, the trial court lacked jurisdiction to set aside its prior determination and appoint Deadman as temporary administrator.

Chabot, however, cites no relevant authority either for the proposition that the court's order admitting the will to probate incorporated two distinct judgments or that the court's determination that no necessity for administration exists can be challenged only by a bill of review. The statute allowing for a will to be admitted to probate as muniment of title provides the following:

> A court may admit a will to probate as a muniment of title if the court is satisfied that the will should be admitted to probate and the court:
>
> (1) is satisfied that the testator's estate does not owe an unpaid debt, other than any debt secured by a lien on real estate; or
>
> (2) finds for another reason that there is no necessity for administration of the estate.

Tex. Estates Code § 257.001. We conclude that a determination that there is no necessity for administration of the estate is merely a finding that supports the court's decision to admit a will to probate as muniment of title, not a distinct and independent judgment.

Chabot argues that a bill of review was required to challenge the trial court's order admitting the will to probate and finding that there was no necessity for administration of the Estate. However, the Estates Code provides at least two mechanisms for challenging a probate court's order: a bill of review and a will contest. *See In re Estate of Davidson*, 153 S.W.3d 301, 302–03 (Tex. App.—Beaumont 2004, pet. denied) (discussing bill of review and will contest); *see also Ladehoff v. Ladehoff*, 436 S.W.2d 334, 338 (Tex. 1968) ("It has been suggested that [a will contest and a statutory bill of review], in some instances, may provide the same remedy."). Section 55.251 provides that "[a]n interested person may, by a bill of review filed in the court in which the probate

5

proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." Tex. Estates Code § 55.251(a). The bill of review must be filed within two years of the date of the order or judgment being challenged. *See id.* § 55.251(b). Meanwhile, Section 256.204 provides that, "[a]fter a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate." *Id.* § 256.204(a).

Section 256.204, therefore, allows for the filing of a will contest within two years of the date the will was admitted to probate. It is undisputed that both Chabot and the Tort Claimants filed timely will contests. In addition, Section 452.051 provides the following:

> (a) If a contest related to probating a will or granting letters testamentary or of administration is pending, the court may appoint a temporary administrator, with powers limited as the circumstances of the case require.

> (b) The appointment may continue until the contest is terminated and an executor or administrator with full powers is appointed.

*Id.* § 452.051(a), (b). The plain language of Section 452.051 does not limit its application to will contests filed before a will is admitted to probate—instead, it merely provides that the court may appoint an administrator if "a contest related to probating a will . . . is pending." *Id.* § 452.051(a). We are not aware of any authority that would require an interested party to file a bill of review, rather than a will contest, when challenging the admission of the will to probate and requesting the appointment of a temporary administrator. Indeed, Chabot herself requested the appointment of a temporary administrator in connection with her will contest.

It is true, as Chabot points out, that courts have held that a probate court's authority to appoint a temporary administrator during a will contest is qualified if a representative of the estate already exists. *See, e.g.*, *Corpus Christi Bank & Tr. v. Alice Nat'l Bank*, 444 S.W.2d 632, 637 (Tex. 1969). But the trial court in this case admitted the will to probate as muniment of title and did not appoint a representative of Sullivan's estate. Accordingly, we conclude that the cases cited by Chabot in which a representative of the estate already exists when a party seeks the appointment of a temporary administrator are distinguishable. *See id.* ("It is our opinion that the article provides for the appointment of a temporary administrator in such cases, [w]hen an administration does not already exist . . . .") (quoting *King v. King*, 230 S.W.2d 335, 339 (Tex. App.—Amarillo 1950, writ ref'd)).

Chabot also relies on *In re Jacky*, 506 S.W.3d 550 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). In that case, the trial court signed an order admitting a will to probate as muniment of title and found that "there are no unpaid debts owing by this Estate, exclusive of any debt secured by liens on real estate" and that "there is no necessity for administration of this Estate." *Id.* at 552–53. More than three years later, a child of the deceased requested that the court issue letters testamentary and appoint her as independent executor of the estate, and the court granted her request. *Id.* at 553. Our sister court of appeals concluded "that the probate court erred in issuing letters testamentary and appointing Baker independent executor . . . more than three years after the court admitted the will to probate as a muniment of title," because "the probate court entered this order after its plenary power had expired." *Id.* at 558. The court of appeals noted that two mechanisms exist for challenging a probate court's order—a bill of review and a will contest—but that each is subject to a two-year limitations period. *See id.* at 555–56. Because the real party in

7

interest had not filed a timely bill of review or will contest, the appellate court held that the probate court lacked jurisdiction to issue letters testamentary and appoint an independent executor. *Id.* at 558.

Unlike the would-be independent executor in *Jacky*, however, Chabot and the Tort Claimants filed their will contests within the statutory two-year period and requested the appointment of a temporary administrator. Therefore, *Jacky* is distinguishable and does not support Chabot's contention that the trial court lacked jurisdiction to appoint Deadman as temporary administrator of Sullivan's estate.

Chabot and the Tort Claimants filed will contests well within the two-year deadline. *See* Tex. Estates Code § 256.204(a). No representative of Sullivan's estate existed at the time, and the trial court appointed Deadman as temporary administrator pursuant to its authority under Section 452.051. *See id.* § 452.051(a). Chabot has not cited any authority prohibiting the trial court's actions, and we are not aware of any. We therefore hold that the trial court's order appointing Deadman was not void ab initio and that the court's subsequent order authorizing Deadman to settle the Tort Claimants' suits was not void on that ground. Accordingly, we overrule Chabot's sole appellate issue.

**CONCLUSION**

We affirm the trial court's order authorizing Deadman to sign final agreed judgments settling the Tort Claimants' suits.

8

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed:   March 20, 2019

9