**Opinion issued May 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00761-CV

———————————

**JOHN PAUL CHEVRIERE, Appellant**

**V.**

**ROSE MARIE LORRAINE CHEVRIER MITCHELL A/K/A ROSE MARIE MITCHELL, Appellee**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 469,115**

---

## MEMORANDUM OPINION

John Paul Chevriere filed an application to probate the will of his deceased stepmother but the trial court dismissed the application for lack of jurisdiction. On appeal, Chevriere contends that the trial court had jurisdiction and therefore erred in dismissing his application. We agree and therefore reverse and remand.

## BACKGROUND

Chevriere filed his application in Probate Court Number 2 of Harris County, alleging that his deceased stepmother's fixed place of residence was in that county. His sister, Rose Marie Lorraine Chevriere Mitchell filed a motion to transfer venue to Fort Bend County, alleging that her deceased stepmother's fixed place of residence was there. Subject to her motion to transfer venue, Mitchell filed an opposition to her brother's probate application.

Without deciding Mitchell's venue motion, the trial court concluded that it lacked subject-matter jurisdiction. On its own motion, the court dismissed Chevriere's application for lack of jurisdiction.

## DISCUSSION

### I. Jurisdiction

#### A. Standard of review and applicable law

Subject-matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Ctrl. Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It cannot be presumed or waived. *Id.* at 443–44. Trial courts may inquire as to whether they have subject-matter jurisdiction on their own motion at any time. *James v. Underwood*, 438 S.W.3d 704, 713 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

A court reviews the pleadings and any relevant evidence in deciding whether it has subject-matter jurisdiction. *Bush v. Lone Oak Club*, 546 S.W.3d 766, 772 (Tex.

2

App.—Houston [1st. Dist.] 2018, pet. pending). When the jurisdictional facts are undisputed, the existence of subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Under these circumstances, we review the trial court's jurisdictional decision de novo. *Id.*

Harris County's statutory probate court has subject-matter jurisdiction over probate proceedings. TEX. EST. CODE §§ 32.002(c), 32.005(a); *In re Jacky*, 506 S.W.3d 550, 554 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Probate proceedings encompass applications to probate a will and for the issuance of letters testamentary. TEX. EST. CODE § 31.001(1)–(2); *Jacky*, 506 S.W.3d at 554.

### B. Analysis

Chevriere's application to probate the will of his deceased stepmother is a probate proceeding and lies within the subject-matter jurisdiction of Harris County's statutory probate court. TEX. EST. CODE §§ 31.001(1)–(2), 32.002(c), 32.005(a); *Jacky*, 506 S.W.3d at 554. While Chevriere and Mitchell dispute the location of their stepmother's fixed place of residence, that dispute is relevant to venue rather than subject-matter jurisdiction. TEX. EST. CODE § 33.001(a)(1); *Fernandez v. Bustamante*, 305 S.W.3d 333, 342 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The trial court therefore erred in dismissing the cause for lack of jurisdiction.

## II. Venue

The parties dispute venue. Chevriere contends that venue is proper in Harris

3

County. Mitchell contends that the cause must be transferred to Fort Bend County.

The trial court did not rule on venue. As a court of review, we ordinarily do not address an issue absent a trial-court ruling. *See* TEX. R. APP. P. 33.1(a)(2); *see also City of Dallas v. Dixon*, 365 S.W.2d 919, 923 (Tex. 1963) (courts of appeals are primarily courts of review), *rev'd on other grounds sub nom. Donovan v. City of Dallas*, 377 U.S. 408 (1964). Even if the trial court had ruled on venue, however, we could not review its ruling at this stage of the proceedings. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(a) (no interlocutory review of venue decisions); TEX. R. CIV. P. 87(6) (same); *In re Aguilar*, 435 S.W.3d 831, 833 (Tex. App.—San Antonio 2014, no pet.) (probate court had not rendered final judgment and transfer decision therefore was not yet reviewable); *Fernandez*, 305 S.W.3d at 337–39 (venue decision by probate court wasn't final judgment and thus not independently reviewable by direct appeal).

## CONCLUSION

We reverse the trial court's order dismissing for lack of jurisdiction Chevriere's application for the probate of his stepmother's will and remand the cause to the trial court for further proceedings consistent with our opinion.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

4