

# NUMBER 13-23-00125-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ROBERT H. CRANE

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Benavides and Silva
## Memorandum Opinion by Chief Justice Contreras[1]

By petition for writ of mandamus, relator Robert H. Crane contends that the Hidalgo County Probate Court erred by denying his plea to the jurisdiction. According to relator, the Hidalgo County Probate Court lacks jurisdiction to allow real party in interest Sasha S. Crane, the independent administrator of the estate of Scott Clement Crane, deceased, to serve subpoenas on relator.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. However, "[a] trial court abuses its discretion if it enters a void order, and mandamus will issue to remedy the void order regardless of whether the relator has an adequate remedy by appeal." *In re J.R.*, 622 S.W.3d 602, 604 (Tex. App.—Fort Worth 2021, orig. proceeding [mand. dism'd]).

The Court, having examined and fully considered the petition for writ of mandamus, the record, the response filed by the real party in interest, the reply, and the applicable law, is of the opinion that relator has not met his burden of proof to obtain mandamus relief. Relator contends that: (1) the estates code prohibits an order allowing discovery in the probate proceeding because the decedent's estate was handled through an independent administration; (2) the decedent's estate was closed as a matter of law; and (3) the probate court lacks plenary jurisdiction. However, although § 402.001 of the estates code limits the probate court's supervision over an independent administration, it does not deprive the probate court of jurisdiction over matters relating to the estate. *See*

2

*Estate of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (discussing TEX. EST. CODE ANN. § 402.001); *see also In re Estate of Wetzel*, No. 05-20-01104-CV, 2022 WL 1183294, at *2 (Tex. App.—Dallas Apr. 21, 2022, no pet.) (mem. op.). Moreover, the record does not clearly indicate that the probate estate was fully disposed given that there are pending claims against the estate or debts alleged against the estate. *See In re John G. Kenedy Mem'l Found.*, 159 S.W.3d 133, 144 (Tex. App.—Corpus Christi–Edinburg 2004, orig. proceeding). In this regard, a matter related to a probate proceeding includes "a claim for money owed by the decedent," and relator contends that he "is insisting that he receive equal dividends in the distribution of proceeds from the sale of assets of businesses that he has owned equally with [the decedent]." *See* TEX. EST. CODE ANN. § 31.001(4); *see also id.* § 31.002(c) (defining matters related to probate proceedings). Further, the record does not indicate that any party is assailing an order or judgment for which plenary power has expired. *See In re Jacky*, 506 S.W.3d 550, 555 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Finally, although relator asserts that there are two other different cases pending in which the subject discovery could be sought, the matters as presented here do not invoke issues pertaining to dominant jurisdiction.

In sum, on this record and at this time, relator has not met his burden to obtain relief. Accordingly, we lift the stay that we previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective

3

until the case is finally decided."). We deny the petition for writ of mandamus without prejudice.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
17th day of May, 2023.

4